UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Howard Louis McDonald, Jr.,  )
    Petitioner,  )
                                         )        No. 1:15-cv-554
-v-                               )
                                         )        HONORABLE PAUL L. MALONEY
Kenneth T. McKee,  )
    Respondent.  )
                                         )

## OPINION AND ORDER

This matter is before the Court on Petitioner Howard McDonald's objection to the Report and Recommendation (R&R) issued by Magistrate Judge Phillip J. Green. (ECF No. 29.) On June 1, 2015, Petitioner filed a habeas corpus petition for relief from a state court decision under 28 U.S.C. § 2254. (ECF No. 1.) Petitioner subsequently amended his petition on July 8, 2015 (ECF No. 7), and a response was filed on January 19, 2016 (ECF No. 12). The matter was referred to the Magistrate Judge, who recommended the petition be denied on February 23, 2017. (ECF No. 24.) Petitioner filed the instant objections. (ECF No. 29.)

### Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R&R), a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de

1

novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

On de novo review, habeas corpus petitions, such as this one, are governed by the provisions of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). If a state court adjudicated the claim, deferential AEDPA standards must be applied. 28 U.S.C. § 2254(d); see *Premo v. Moore*, 562 U.S. 115, 121 (2011); *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009); *Holder v. Palmer*, 588 F.3d 328, 341 (6th Cir. 2009) (("[A]ny claim that was adjudicated on the merits in State court proceedings' is subject to AEDPA deference.") (quoting 28 U.S.C. § 2254(d)). AEDPA prevents federal habeas "retrials" and ensures that state court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). It prohibits "using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Parker v. Matthews*, 132 S. Ct. 2148, 2149 (2012) (per curiam).

The AEDPA standard is difficult to meet "because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "Section 2254(d) reflects that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error corrections through appeal." *Id.* at 102-03 (citation and internal quotation omitted); see *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015). Section 2254(d) states that an application for a writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see *White v. Wheeler*, 136 S. Ct. 456, 460 (2015); *Davis v. Ayala*, 135 S. Ct. at 2198; *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014).

The only definitive source of clearly established federal law for purposes of § 2254(d)(1) is the holdings—not dicta—of Supreme Court decisions. *White v. Woodall*, 134 S. Ct. at 1702; see *Woods v. Donald*, 135 S. Ct. at 1377 ("Because none of our cases confront 'the specific question presented by this case,' the state court's decision could not be 'contrary to' any holding from this Court."). "[W]here the precise contours of a right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *Id.* (quotations and internal citations omitted)

## Analysis

Petitioner's filing is not very coherent; most of the submission contains either a restatement of his prior factual assertions or an attempt to expand the record after the Magistrate Judge already considered each of his arguments. For example, Petitioner repeatedly lays out his factual assertions with the preface, "I would like to add. . . ." (ECF No. 29 at PageID.909.) To the extent Petitioner adds to the factual record that the Magistrate Judge already considered, he has raised those facts too late. *See e.g., Heston v. Commissioner of Social Sec.*, 245 F.3d 528, 535 (6th Cir. 2001); *Murr v. United States*, 200 F.3d 895, 902 (6th Cir.2000) (parties may not raise new arguments or issues at the district court stage that were not presented to the Magistrate Judge). To the extent Petitioner merely repeats his factual assertions, he has not explained how, specifically, the Magistrate Judge's report and recommendation errs by omitting relevant facts or failing to apply the law to his factual assertions. At no point in Petitioner's factual exhortations does he "pinpoint those portions of the magistrate's report that the district court must specifically consider." *Mira*, 806 F.2d at 637.

Construing Petitioner's objection liberally, the Court can discern only two objections sufficient to warrant review.

First, Petitioner argues the Magistrate Judge erred by evaluating his ineffective assistance of counsel claim because, in his view, "if Dr. Haugen[] would have been asked to testify to [certain] findings[,] the jury may have not found me guilty of 1st degree premediated murder . . . ." But, as the Magistrate Judge noted, "it is not enough to convince the federal habeas court that, in its independent judgment, the state-court decisions applied *Strickland*

4

incorrectly." (ECF No. 24 at PageID.896.) "Rather, petitioner must show that the state courts 'applied *Strickland* to the facts of his case in an objectively unreasonable manner.'" (*Id.* (quoting *Bell v. Cone*, 535 U.S. 685, 699 (2002)).) Petitioner has not met his heavy burden under these circumstances. Moreover, he has not shown prejudice arose from the alleged ineffective assistance; even assuming Dr. Haugen testified to Petitioner's liking, Petitioner has not shown the jury would have passed on the first-degree murder option because the other evidence was "overwhelming." (ECF No. 24 at PageID.894.) The state court's judgment that "Petitioner failed to establish prejudice" neither was contrary to, nor represented an unreasonable application of, *Strickland*. *See Bell*, 535 U.S. at 698–99.

Second, Petitioner argues the Magistrate Judge *misconstrued* the factual record with respect to him waiving his right to testify. (ECF No. 29 at PageID.910–11.) Petitioner insists that he never waived his right to testify. (*Id.* at PageID.911.) At trial, Petitioner's attorney made the strategic choice to rely on Petitioner's recorded statement to the police and not to call defendant to testify. (ECF No. 13-9 at PageID.371–72.) When a defendant's counsel makes the strategic decision not to call the defendant it is presumed that the defendant assented to not being called. *United States v. Webber*, 208 F.3d 545, 551 (6th Cir. 2000) (citing *United States v. Joelson*, 7 F.3d 174 (9th Cir. 1993)). If there is a disagreement between a defendant and his counsel on whether he should be called to testify, it is on the defendant to bring the disagreement to the attention of the Court. *See id.* "When a defendant does not alert the trial court of a disagreement, waiver of the right to testify may be inferred from the defendant's conduct." *Id.*

Here, although Petitioner did eventually inform the Court that he disagreed with his counsel and wished to represent himself and testify, it was not until after the close of proofs that he brought the disagreement to the Court's attention. (ECF No. 13-9 at PageID.910–11.) At that time, it was within the Courts broad discretion to deny Petitioner's implicit motion to reopen proofs and deem his right to testify waived. *See United States v. Bridgefourth*, 538 F. 2d 1251, 1253 (6th Cir. 1976) (citing *United States v. Wade*, 364 F.2d 931(6th Cir. 1966)). At a minimum, Petitioner has not shown that the decision of the state court in deeming his right to testify waived was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

Therefore, Petitioner's objections to the Magistrate Judge's recommendation must be overruled.

## Certificate of Appealability

The Court must determine whether a certificate of appealability should be granted. 28 U.S.C. § 2253(c)(2). A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. Id. at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack,* to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Examining petitioner's claims under the standard in *Slack,* reasonable jurists would not conclude the Court's assessment of petitioner's claims to be debatable or wrong. Accordingly, Petitioner's certificate of appealability is **DENIED.**

## ORDER

For the reasons discussed in the accompanying opinion: Petitioner's objections are **OVERRULED** (ECF No. 29); the Magistrate Judge's report and recommendation is **ADOPTED** (ECF No. 24); Petitioner's petition is **DENIED** (ECF No. 7); and a certificate of appealability is **DENIED.**

Judgment will enter separately.

**IT IS SO ORDERED.**

**Date:** July 3, 2017                                    /s/ Paul L. Maloney  
                                                                                   Paul L. Maloney  
                                                                                   United States District Judge